1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
UNITED STATES OF AMERICA,            )          No. CR06-0354JPD
                                     )
                        Plaintiff,   )
            v.                       )          ORDER
                                     )
MICHAEL LABADIE,                     )
                                     )
                        Defendant.   )
_____ )

       This matter comes before the Court under Local General Rule 8(c).  Plaintiff has

filed a "Motion Requesting That De Novo Sentencing Hearing Be Heard By U.S. Court Judge."

Dkt. # 83.  The Honorable James P. Donohue, United States Magistrate Judge, declined to

recuse himself voluntarily and referred the matter to the Chief Judge.  Dkt. # 87.  Plaintiff's

motion, to the extent it seeks the recusal of the presiding judicial officer, is therefore ripe for

review by this Court.

       Section 455 of title 28 of the United States Code governs the disqualification of a

magistrate judge.  It states in relevant part:  "Any justice, judge, or magistrate judge of the

United States shall disqualify himself in any proceeding in which his impartiality might

reasonably be questioned."  Additionally, 28 U.S.C. § 144, pertaining to judicial bias or

prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and
> sufficient affidavit that the judge before whom the matter is pending has a personal

ORDER

1
2
3

bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

4
5
6
7
8

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial.  Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993).  A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source.  United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[1]

9
10
11
12
13
14
15
16
17
18
19
20
21

Plaintiff argues that the "tone of the initial sentencing hearing" has given rise to a "reasonable apprehension of bias" (Motion at 1) and that the case should be assigned to another judge now that the original sentence has been vacated.  Plaintiff does not identify any extrajudicial source of the alleged prejudice: the only evidence of bias presented is the judge's sentencing decision and a vague complaint regarding the "tone" of the hearing.  In such circumstances, the risk that the litigant is using the recusal motion for strategic purposes is considerable.  See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913).  Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties as the presiding judicial officer, plaintiff has not met his burden of showing an appearance of bias.

22
23
24
25

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Donohue's impartiality cannot reasonably be questioned.  There being no evidence of bias or prejudice, plaintiff's request to remove Judge Donohue from this matter is

26

[1]  Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

1  DENIED.

2

3          Dated this 21st day of April, 2008.

4

5                              *Mrf S Lasnik*

6                              Robert S. Lasnik
                               Chief Judge, United States District Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER                                   -3-